IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| Mitchell David Holbach, | ) |
| | ) |
| Petitioner, | ) |
| | )  Case No: 3:10-cv-6 |
| vs. | ) |
| | ) |
| Don Redmann, | ) |
| | ) |
| | ) |
| Respondent. | ) |

**REPORT AND RECOMMENDATION**

Petitioner Mitchell David Holbach ("Holbach") filed a motion to proceed *in forma pauperis* (IFP) (Doc. #1) which was previously granted by the court, and a petition for habeas relief under 28 U.S.C. § 2254 (Doc. #2). When a prisoner seeks redress from a governmental entity the court must conduct an initial review of the petition prior to service upon the respondent. 28 U.S.C. § 1915A(a). The court now considers the petition on initial review.

**Background**

Holbach, a serial litigator,[1] was convicted for stalking and two counts of disobedience of

---

[1] Holbach has filed numerous 42 U.S.C. § 1983 actions and habeas petitions before this court. His previous filings include the following: Holbach v. Nelson, et. al., Case No. 4:07-cv-63 (habeas petition dismissed because it contained unexhausted claims); Holbach v. Murphy, et. al., Case No. 4:08-cv-74 (§ 1983 action dismissed as frivolous); Holbach v. State of North Dakota, et. al., Case No. 3:09-cv-20 (habeas petition dismissed because Holbach was no longer in custody on the conviction he challenged); Holbach v. Redmann, Case No. 3:09-cv-23 (habeas petition dismissed because it contained unexhausted claims); Holbach v. Bertsch, et. al., Case No. 1:09-cv-14 (§ 1983 action dismissed after the Court granted in part defendants' motion for summary judgment, and declined to exercise supplemental jurisdiction over the remaining claims); Holbach v. Jenkins, Case No. 4:09-cv-26 (§ 1983 action dismissed as devoid of a cognizable constitutional claim); Holbach v. McLees, Case No. 4:09-cv-25 (§ 1983 action dismissed because defendant was entitled to judicial immunity); Holbach v. Redmann, Case No. 3:09-cv-66 (civil case terminated for failure to complete habeas packet); Holbach v. Redmann, Case No. 3:09-cv-72 (habeas petition dismissed pursuant to the exhaustion doctrine); Holbach v. Redmann, Case No. 3:09-cv-77 (habeas petition dismissed for failure to prosecute after Holbach

a judicial order. The state district court entered judgment against him on February 1, 2008. Holbach was sentenced to five years of imprisonment with one and a half years suspended. He claims he is entitled to federal habeas relief because North Dakota's stalking law is unconstitutional, he was engaged in constitutionally protected activities which do not constitute stalking under the law, he received ineffective assistance of counsel, he was denied the right to a speedy trial, he was wrongfully accused of committing domestic violence by the stalking victim, and judges, prosecutors, and police were guilty of misconduct for allegedly fabricating and suppressing evidence.

Holbach appealed his stalking conviction to the North Dakota Supreme Court on the grounds that he was engaged in constitutionally protected activities which do not constitute stalking under the law, and North Dakota's stalking law is unconstitutional. The North Dakota Supreme Court issued a unanimous opinion affirming the district court on April 2, 2009. See State v. Holbach, 2009 ND 37, 763 N.W.2d 761. Holbach filed a petition for a writ of certiorari to the United States Supreme Court which was denied. The North Dakota Supreme Court issued its mandate on October 14, 2009.

The state court dockets reveal Holbach filed applications for post-conviction relief related to each of his convictions on May 6, 2009, and on November 12, 2009, he filed amended applications for state post-conviction relief. State v. Holbach, Case No. 51-7-K-973-1, Case No. 51-7-K-973-2, Case No. 51-7-K-1759-1. The state's closing argument related to each of the applications for post-conviction relief was entered in the dockets on March 18, 2010. Id. On

---

failed to pay the court ordered filing fee); Holbach v. Attorney General for the State of North Dakota, et. al., Case No. 1:09-cv-67 (§ 1983 action dismissed because Holbach needed to exhaust his federal habeas remedies); Holbach v. State of North Dakota, Case. No. 4:10-cv-4 ("petition for removal" dismissed for lack of jurisdiction and failure to state a claim).

2

March 23, 2010, Holbach's response to the state's post-conviction closing argument was entered in each case.  Id.

## Exhaustion Requirement

Habeas corpus provides state prisoners the exclusive federal remedy for challenges to the fact or duration of their confinement.  Franklin v. Webb, 653 F.2d 362, 363 (8th Cir. 1981) (citing Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  Section 2254(b)(1), 28 U.S.C., provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B) (I) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

The doctrine of exhaustion dictates that "as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act."  Mellott v. Purkett, 63 F.3d 781, 784 (8th Cir. 1995) (quoting Rose v. Lundy, 455 U.S. 509, 515 (1982)).

Holbach appealed his stalking conviction to the North Dakota Supreme Court on the grounds that North Dakota's stalking law codified in N.D.C.C. § 12.1-17-07.1 is unconstitutional, and he was engaged in constitutionally protected activities that do not constitute stalking under the law.  The North Dakota Supreme Court affirmed the state district court and issued its mandate.  Thus, Holbach has exhausted his state remedies as to those claims.

Holbach has not exhausted his state court remedies on his other claims.  "To satisfy the exhaustion requirement, [Holbach] must show that he either made a fair presentation of his claims to the state courts or that he has no other presently available state remedies to pursue." Gentry v. Lansdown, 175 F.3d 1082, 1083 (8th Cir. 1999); see also Dixon, 263 F.3d at 777

3

(emphasizing the exhaustion doctrine "turns on an inquiry into what procedures are 'available' under the state law").

A review of the state court dockets reveal that Holbach is still in the process of exhausting his state remedies. See State v. Holbach, Case No. 51-7-K-973-1, Case No. 51-7-K-973-2, Case No. 51-7-K-1759-1. As of today's date, no order relating to Holbach's state applications for post-conviction relief has been entered in any of his cases relating to his convictions for stalking and disobedience of judicial orders.

"Federal courts may deviate from the exhaustion requirement only where highly exceptional circumstances warrant prompt federal intervention." Jones v. Solem, 739 F.2d 329, 331 (8th Cir. 1984) (citations omitted). Delay in a state court alone is not sufficient to warrant federal intervention. Id. "Petitioners generally must also show the existence of some additional factor (for example, that 'state delay is a result of discrimination against the petitioner,' or that the state has been 'unnecessarily and intentionally dilatory')." Id. (citations omitted).

Holbach claims the state is stalling to prejudice and harass him. However, there is no evidence that the state court has stalled in any of Holbah'c cases. In fact, according to the state court docket, there has been recent activity on each of Holbach's applications for post-conviction relief. Thus, no circumstances exist which warrant deviation from the exhaustion requirement.

**Mixed Petitions**

Holbach's petition contains both exhausted and unexhausted claims. It is well-established that the exhaustion doctrine, as codified by § 2254(b)(1)(A) prohibits this court from considering a "mixed petition." Rose v. Lundy, 455 U.S. 509, 518-19 (1982). When presented with a "mixed petition," the court is required to dismiss the petition, except in limited cases in

4

which it is appropriate to stay the exhausted claims while the prisoner returns to state court to exhaust the unexhausted claims.  Rhines v. Weber, 544 U.S. 269, 275-79 (2005).  A stay is only appropriate when there was good cause for the petitioner's failure to exhaust his claims in state court.  Id. at 277.  This is not one of those limited cases where good cause exists for petitioner's failure to exhaust his state remedies.  Accordingly, **IT IS RECOMMENDED** that:

1. Holbach's petition for habeas relief **BE DISMISSED** without prejudice;

2. The court certify that an appeal from the dismissal of this action may not be taken IFP because such an appeal would be frivolous and cannot be taken in good faith; and

3. A certificate of appealability not be issued with respect to any of the issues raised by Holbach in this action.

## NOTICE OF RIGHT TO OBJECT

Pursuant to Rule 72(a) and (b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(2) and (3), any party may object to this Report and Recommendation and by filing with the Clerk of Court no later than April 12, 2010, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.

Dated this  23rd day of March, 2010.

                                                            /s/ *Karen K. Klein*
                                                            Karen K. Klein
                                                            United States Magistrate Judge